NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**C.R. BARD, INC., BARD PERIPHERAL VASCULAR, INC.,**
*Plaintiffs-Appellants*

**v.**

**MEDICAL COMPONENTS, INC.,**
*Defendant-Cross-Appellant*

---

2022-1136, 2022-1186

---

Appeals from the United States District Court for the District of Utah in No. 2:12-cv-00032-RJS, Judge Robert J. Shelby.

---

Decided:  February 17, 2023

---

KATHLEEN M. SULLIVAN, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, CA, argued for plaintiffs-appellants.  Also represented by WILLIAM ADAMS, MATTHEW A. TRAUPMAN, New York, NY; STEVEN CHERNY, Boston, MA; GREGORY MIRAGLIA, Austin, TX; OMAR KHAN, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY; THOMAS SAUNDERS, Washington, DC.

ALFRED W. ZAHER, I, Montgomery McCracken Walker

& Rhoads LLP, Philadelphia, PA, argued for defendant-cross-appellant.  Also represented by JOHN J. POWELL, JOSEPH E. SAMUEL, JR; AARON S. HALEVA; CLINTON EARL DUKE, JAMES MARK GIBB, Durham Jones & Pinegar, PC, Salt Lake City, UT; JOSEPH MONAHAN, Gordon Rees Scully Mansukhani LLP, Philadelphia, PA.

JEFFREY COSTAKOS, Foley & Lardner LLP, Milwaukee, WI, for amicus curiae Smiths Medical ASD, Inc.  Also represented by MICHELLE A. MORAN, REBECCA JAN PIROZZOLO-MELLOWES.

DANIELLE VINCENTI TULLY, Cadwalader, Wickersham & Taft LLP, New York, NY, for amicus curiae AngioDynamics, Inc.  Also represented by JOHN T. AUGELLI, JOHN MOEHRINGER, MICHAEL BRIAN POWELL.

––––––––––––––––––

Before CHEN, WALLACH, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Plaintiffs-Appellants C.R. Bard Inc. and Bard Peripheral Vascular, Inc. appeal a decision from the United States District Court for the District of Utah finding the asserted claims for three asserted patents ineligible under 35 U.S.C. § 101. Defendant-Cross-Appellant Medical Components, Inc. cross-appeals a decision from the same court, also finding the asserted claims of its asserted patent ineligible under § 101. Because the district court's opinions are contrary to our binding precedent in *C R Bard Inc. v. AngioDynamics, Inc.*, we reverse the district court's opinion in the lead appeal (22-1136) and vacate and remand the district court's opinion in the cross-appeal (22-1186).

I

Plaintiffs-Appellants C.R. Bard Inc. and Bard Peripheral Vascular, Inc. (collectively, Bard) own three patents at issue in the lead appeal that are directed to

radiopaque markings and structural features that can be used to identify whether a venous access port is power injectable. Specifically, U.S. Patent Nos. 7,785,302 and 7,947,022 are directed to a venous access port with an alphanumeric message that can be seen on an X-ray and that identifies the port as power injectable. Representative claim 5 of the '302 patent claims:

> A venous access port assembly for implantation into a patient, comprising:
>
> > a housing having an outlet, and a needle-penetrable septum, the needle penetrable septum and the housing together defining a reservoir, wherein:
> >
> > > the assembly includes a radiopaque alphanumeric message observable through interaction with X-rays subsequent to subcutaneous implantation of the assembly, and
> > >
> > > the alphanumeric message indicating that the assembly is power injectable.

'302 patent at 13:8–18. U.S. Patent No. 7,959,615 is directed to a venous access port that includes a concave structure designed to be palpated through the skin, and that also identifies the port as power injectable. Claim 8 of the '615 patent claims:

> An access port for providing subcutaneous access to a patient, comprising:
>
> > a body defining a cavity accessible by inserting a needle through a septum, the body including a plurality of side surfaces and a bottom surface bounded by a bottom perimeter, the bottom surface on a side of the port opposite the septum, the bottom perimeter including a concave portion, the side surfaces including a first

> side surface through which an outlet stem extends; and
>
> at least one structural feature of the access port identifying the access port as being power injectable subsequent to subcutaneous implantation, at least one structural feature comprising at least one concave side surface in a second side surface different from the first side surface, the concave side surface extending to the bottom perimeter concave portion.

'615 patent at 13:23–14:7.

Medical Components, Inc. (MedComp) owns U.S. Patent No. 8,021,324 which, like Bard's patents, is directed to a venous access port assembly that includes characters that can be seen via X-ray inspection and that identify the port as power injectable. Representative claim 1 claims:

> An implantable venous access port assembly, comprising:
>
> > a needle-penetrable septum; and
> >
> > > a housing securing the needle-penetrable septum, the housing comprising a housing base having a bottom wall and X-ray discernable indicia embedded in the bottom wall, the X-ray discernable indicia comprising one or more characters that visually indicate, under X-ray examination, a pressure property of the port assembly.

'324 patent at 4:37–45.

Both parties moved for summary judgment, each asserting that the respective asserted patents were invalid under 35 U.S.C. § 101. The district court found that the asserted claims in each of Bard's three patents were ineligible under § 101 because the claims were solely directed to non-functional printed matter and because the

claims were directed to the abstract idea of "[using] an identifier to communicate information about the power injectability of the underlying port" with no inventive concept. *C.R. Bard, Inc. v. Medical Components, Inc.*, 550 F. Supp. 3d 1202, 1225 (D. Utah 2021). The district court then found the asserted claims of MedComp's '324 patent ineligible under § 101 based on the same analytical framework that it used for Bard's asserted patents. *C.R. Bard, Inc. v. Medical Components, Inc.*, 569 F. Supp. 3d 1164, 1170–71 (D. Utah 2021).

Both parties cross-appealed. This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We review orders granting summary judgment under the law of the regional circuit, while applying our own law to issues unique to patent law. *Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360, 1365 (Fed. Cir. 2019). The Tenth Circuit reviews orders granting summary judgment de novo. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). We review an "ultimate conclusion on patent eligibility de novo." *In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157, 1159 (Fed. Cir. 2018).

## III

We are bound by our precedent in *C R Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372 (Fed. Cir. 2020). There, we considered a case that is virtually identical to the one before us now. *AngioDynamics* also involved patents directed to radiopaque markers that could be used to identify venous access ports as power injectable, and the claims at issue were substantially similar to the asserted claims here. Furthermore, that case asked to consider the exact same question that is before us now: whether claims that include non-functional printed matter could be eligible under § 101. The court in *AngioDynamics* concluded that, although the asserted claims contained some non-

functional printed matter, they were nonetheless eligible under § 101 because the claims were not solely directed to non-functional printed matter—they were also directed to "the means by which that information is conveyed." *Id.* at 1384. Given these similarities, we must reach the same conclusion here as in *AngioDynamics*.

Because we are bound by our precedent, we conclude that the asserted claims in Bard's three patents are directed to eligible subject matter under § 101. Accordingly, we reverse the district court's opinion in the lead appeal and find that the asserted claims of the '302, '022, and '615 patents are eligible under § 101. And because the district court applied the same erroneous § 101 analysis to MedComp's '324 patent, we vacate and remand the district court's opinion in the cross appeal and direct the district court to reconsider its findings in the first instance, consistent with this opinion.

**REVERSED-IN-PART, VACATED-IN-PART AND REMANDED**

COSTS

No costs.